UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
ROSANNE WILSON and
LEROY WILSON,
    Debtors.                                           No. 7-03-19437 SA

PHILIP J. MONTOYA,
    Plaintiff,
v.                                                   Adv. No. 05-1283 S

ROSANNE WILSON, et al.,
    Defendants.

**MEMORANDUM OPINION ON DEFENDANTS'**
**MOTION FOR RULE 52(c) DISMISSAL**

This matter came before the Court for trial on the merits of Plaintiff's Complaint. Plaintiff appeared through his attorney Moore, Berkson & Gandarilla, P.C. (Bonnie B. Gandarilla). Defendants appeared through their attorney Puccini & Meagle, P.C. (Shay E. Meagle). This is a core proceeding. 28 U.S.C. § 157(b)(2)(H)[1]. This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law as may be required by Bankruptcy Rule 7052(a).

Plaintiff's complaint is based on 11 U.S.C. § 548(a)(1), which provides:

> (a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily--

---

[1]The underlying chapter 7 petition was filed on December 17, 2003. The amendments made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 (2005) do not apply to this case.

>           (A) made such transfer or incurred such obligation
>           with actual intent to hinder, delay, or defraud
>           any entity to which the debtor was or became, on
>           or after the date that such transfer was made or
>           such obligation was incurred, indebted; or
>       (B) (i) received less than a reasonably
>           equivalent value in exchange for such
>           transfer or obligation; and
>           (ii) (I) was insolvent on the date that
>                such transfer was made or such
>                obligation was incurred, or became
>                insolvent as a result of such
>                transfer or obligation;
>                (II) was engaged in business or a
>                transaction, or was about to engage in
>                business or a transaction, for which any
>                property remaining with the debtor was
>                an unreasonably small capital; or
>                (III) intended to incur, or believed
>                that the debtor would incur, debts that
>                would be beyond the debtor's ability to
>                pay as such debts matured.

At trial, Plaintiff withdrew all claims against the Defendants except for his claim that $13,000.00 of contributions to the Defendants' individual retirement accounts ("IRAs") were fraudulent. At the conclusion of Plaintiff's case, Defendants made an oral motion to dismiss. This motion implicates Bankruptcy Rule 7052, which incorporates Fed.R.Civ.P. 52(c). Rule 52(c) provides:

> **Judgment on Partial Findings.** If during a trial
> without a jury a party has been fully heard on an issue
> and the court finds against the party on that issue,
> the court may enter judgment as a matter of law against
> that party with respect to a claim or defense that
> cannot under the controlling law be maintained or
> defeated without a favorable finding on that issue, or
> the court may decline to render any judgment until the
> close of all the evidence. Such a judgment shall be

supported by findings of fact and conclusions of law as
required by subdivision (a) of this rule.

A Rule 52(c) motion should be granted either 1) if plaintiff fails to make out a prima facie case, or 2) despite a prima facie case, the Court determines that the preponderance of evidence goes against the plaintiff's claim. Regency Holdings (Cayman), Inc. v. The Microcap Fund, Inc. (In re Regency Holdings (Cayman), Inc.), 216 B.R. 371, 374 (Bankr. S.D. N.Y. 1998)(Citation omitted.) The Court does not draw any special inferences in nonmovant's favor, nor does the court consider the evidence in the light most favorable to the nonmoving party. Id. (Citations omitted.) Rather, the court acts as both judge and jury, weighs evidence, resolves conflicts, and decides where the preponderance of the evidence lies. Id. (Citations omitted.)

As grounds for their motion, Defendants claim that Plaintiff has not established fraud, nor has Plaintiff established that the transfer in question was for less than a reasonably equivalent value. The Court agrees and finds that the Motion to Dismiss should be granted.

First, the Court finds no fraud on Defendants' part.[2] As part of Plaintiff's case, both Defendants testified at length

---

[2] "[T]he conversion of non-exempt to exempt property for the purpose of placing the property out of the reach of creditors, without more, will not deprive the debtor of the exemption to which he otherwise would be entitled." Marine Midland Business Loans, Inc. v. Carey (In re Carey), 938 F.2d 1073, 1076 (10th Cir. 1991). (Citations and additional punctuation omitted.)

regarding the financial transactions questioned by the Trustee, including the IRA contributions.  They accounted for and justified substantially all of the funds transferred.  Regarding the IRAs, both Debtors testified that they had been informed by a financial planner that their retirements were severely underfunded and that they should make the contributions.  Based on this testimony, the Court finds that the contributions to the IRAs were not made with an intent to hinder, delay or defraud.  Therefore, Plaintiff has not met the requirements of 11 U.S.C. § 548(a)(1)(A).

    Exhibit 3 shows that Defendants had adjusted gross income in 2003 of $191,248.  The modified adjusted gross income for Roth IRA purposes is also $191,248.  <u>See</u> Dept. of Treasury, Internal Revenue Service, Publication 590, Individual Retirement Arrangements (IRAs) (for use in preparing 2003 returns), p. 56. ("Pub 590") (Worksheet 2-1).  <u>See also</u> 26 U.S.C. § 219(g)(3)(A).  In 2003, married filing jointly taxpayers with modified adjusted gross income of over $150,000.00 were not permitted to contribute to a Roth IRA.  <u>See</u> Pub 590, p. 55 (Table 2-1).  <u>See also</u> 26 U.S.C. § 408A(c)(3)(A).  "A 6% excise tax applies to any **excess contribution** to a Roth IRA."  Pub 590, p. 58 (Emphasis in original).  <u>See also</u> 26 U.S.C. § 4973(a)(1) (6 percent of the amount of the excess contributions per year.)  Plaintiff argues that Defendants, by contributing to a Roth IRA in 2003 when they
Page -4-

were ineligible, automatically did not receive reasonably equivalent value for their transfer because the contributions are subject to an excise tax. Plaintiff asks the Court to establish a bright line rule that any unauthorized contribution to a retirement account is a fraudulent transfer subject to recovery by a trustee. The Court declines to do so.

First, in this case the Defendants made their Roth IRA contribution early in the year, well before they knew or could know what their adjusted gross income was going to be. There are provisions in the Tax Code that allow excess contributions to be withdrawn before certain dates to avoid the tax. <u>See</u> 26 U.S.C. § 4973(b). Therefore, the tax is not actually incurred at the time of contribution. It is incurred when it becomes an excess contribution, usually the next year after the return is filed.

Second, §548(a)(1)(B) does not require an exact exchange of value. "Although the minimum quantum necessary to constitute reasonably equivalent value is undecided, it is clear that the debtor need not collect a dollar-for-dollar equivalent to receive reasonably equivalent value." <u>Butler Aviation Int'l, Inc. v. Whyte (In re Fairchild Aircraft Corp.)</u>, 6 F.3d 1119, 1125-26 (5th Cir. 1993). It is also clear to this Court that $1 now is reasonably equivalent value to $1 a year in the future that has grown tax free but may be subject to a 6% tax.

Case 05-01283-s    Doc 41    Filed 11/30/07    Entered 11/30/07 11:12:01 Page 5 of 6

Therefore, because the Court finds that there was a reasonably equivalent value received for the IRA contribution, Plaintiff cannot prevail under 11 U.S.C. § 548(a)(1)(B).

**CONCLUSION**

The Court finds that Defendants' Rule 52(c) motion is well taken and should be granted. The Court will enter a Judgment for Defendants dismissing the adversary proceeding with prejudice.

Honorable James S. Starzynski
United States Bankruptcy Judge

copies to:

Bonnie Bassan Gandarilla
Moore, Berkson & Gandarilla, P.C.
PO Box 216
Albuquerque, NM 87103-0216

Shay E Meagle
PO Box 30707
Albuquerque, NM 87190-0707